MEMORANDUM **
Kenny Kiung, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals’ order affirming an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, Wakkary v. Holder, 558 F.3d 1049, 1056 (9th Cir.2009), we deny the petition for review.
Substantial evidence supports the IJ’s past persecution finding because Kiung failed to establish the government was unwilling or unable to control the people who beat and robbed him, see Castro-Perez v. Gonzales, 409 F.3d 1069, 1072 (9th Cir.2005), and he failed to demonstrate that the harm he suffered in the other incidents rose to the level of persecution, see Nagoulko v. INS, 333 F.3d 1012, 1016-18 (9th Cir.2003). Substantial evidence also supports the agency’s well-founded fear finding because, even as a member of a disfavored group, Kiung failed to demon *240 strate the requisite individualized risk of persecution. Cf. Sael v. Ashcroft, 386 F.3d 922, 927-29 (9th Cir.2004). Lastly, the record does not compel the conclusion that Kiung demonstrated a pattern or practice of persecution against ethnic Chinese Christians in Indonesia. See Wakkary, 558 F.3d at 1060-62.
Because Kiung did not establish eligibility for asylum, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. See Zehatye v. Gonzales, 453 F.3d 1182, 1190 (9th Cir.2006).
Kiung does not raise any arguments in his opening brief regarding the agency’s denial of his CAT claim. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir.1996) (issues not supported by argument are deemed waived).
Respondent’s motion to extend time to file its brief is granted.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.